## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS WIGGINS<br>1608 Mason Drive<br>Pinehill, NJ 08021 | CIVIL ACTION<br><br>NO._____ |
| and | |
| ERICKA WIGGINS<br>1608 Mason Drive<br>Pinehill, NJ 08021 | |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| CLEMENTON POLCE DEPT.<br>101 Gibbsboro Rd.<br>Clementon, NJ 08021 | |
| and | |
| SERGEANT CHARLES GROVER<br>c/o Clementon Police Dept.<br>101 Gibbsboro Rd.<br>Clementon, NJ 08021<br>(individually and in his official capacity as a<br>member of the Clementon Police Dept.) | |
| and | |
| SERGEANT RANDALL FREILING<br>c/o Clementon Police Dept.<br>101 Gibbsboro Rd.<br>Clementon, NJ 08021<br>(individually and in his official capacity as a<br>member of the Clementon Police Dept.) | |
| and | |
| OFFICER GORDON SCHAEFFER<br>c/o Clementon Police Dept.<br>101 Gibbsboro Rd.<br>Clementon, NJ 08021<br>(individually and in his official capacity as a | |

member of the Clementon Police Dept.) :
:
    and :
:
OFFICER ALFRED HIGGINBOTHAM :
c/o Clementon Police Dept. :
101 Gibbsboro Rd. :
Clementon, NJ 08021 :
(individually and in his official capacity as a :
member of the Clementon Police Dept.) :
:
    and :
:
OFFICER MACKEY :
c/o Clementon Police Dept. :
101 Gibbsboro Rd. :
Clementon, NJ 08021 :
(individually and in his official capacity as a :
member of the Clementon Police Dept.) :
:
    Defendants. :
_____ :

## CIVIL ACTION COMPLAINT

AND NOW COME the Plaintiffs, Dennis Wiggins and Mrs. Wiggins, by and through their undersigned legal counsel of record, Ari R. Karpf, by way of Complaint against the above-named Defendants upon a cause or causes of action, do hereby aver and state as follows:

## JURISDICTION AND VENUE

1. This action is instituted under the United States Constitution, particularly under the provisions of the First, Fourth, Fifth and Fourteenth Amendments, and under federal law, particularly the Civil Rights Act of 1871, hereinafter sometimes referred to as the "Act", <u>as amended</u>, 42 U.S.C. Sections 1983, 1985, 1986 and 1988.

2.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331, §1343 (3), §1343 (4) and §1367, regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3.      Venue in the New Jersey District is properly laid pursuant to 28 U.S.C. § 1391, in so far as the following alleged unlawful conduct complained of in this Complaint, which forms the factual and legal basis of the claims of the Plaintiffs, arose within the geographical limits of this District.

## PARTIES

4.      Plaintiff Dennis Wiggins (hereinafter referred to as "Plaintiff") is an adult *sui juris* individual, with an address as set forth above in the caption.

5.      Plaintiff Ericka Wiggins is an adult *sui juris* individual, with an address as set forth above in the caption.

6.      Defendant Charles Grover (hereinafter referred to as "Grover"), upon information and belief, is an adult *sui juris* individual who is currently serving in his capacity as a sworn officer in the City of Clementon Police Department, and is entrusted with the power to enforce laws of this Commonwealth, and the City of Clementon. Defendant Grover is entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions.

7.      Defendant Randall Freiling (hereinafter referred to as "Freiling"), upon information and belief, is an adult *sui juris* individual who is currently serving in his capacity as

a sworn officer in the City of Clementon Police Department, and is entrusted with the power to enforce laws of this Commonwealth, and the City of Clementon. Defendant Freiling is entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions.

8.    Defendant Gordon Schaeffer (hereinafter referred to as "Schaeffer"), upon information and belief, is an adult *sui juris* individual who is currently serving in his capacity as a sworn officer in the City of Clementon Police Department, and is entrusted with the power to enforce laws of this Commonwealth, and the City of Clementon. Defendant Schaeffer is entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions.

9.    Defendant Alfred Higginbotham (hereinafter referred to as "Grover"), upon information and belief, is an adult *sui juris* individual who is currently serving in his capacity as a sworn officer in the City of Clementon Police Department, and is entrusted with the power to enforce laws of this Commonwealth, and the City of Clementon. Defendant Higginbotham is entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other

Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions.

10. Defendant Mackey (hereinafter referred to as "Mackey"), upon information and belief, is an adult *sui juris* individual who is currently serving in his capacity as a sworn officer in the City of Clementon Police Department, and is entrusted with the power to enforce laws of this Commonwealth, and the City of Clementon. Defendant Mackey is entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions.

11. Defendant Clementon Police Department (hereinafter referred to as the "Police Dept.") is a governmental entity within the Commonwealth of New Jersey empowered to enforce the laws within its jurisdiction for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the city of Clementon.

## FACTUAL BACKGROUND

12. On or about August 25, 2006, at approximately 12:15 A.M. thereon, Plaintiff was driving his vehicle along Higgins Avenue, following all driving laws and regulations.

13. Defendant Higginbotham, without cause, initiated a traffic stop of Plaintiff's vehicle.

14. Defendants Grover, Mackey, Freiling, and Schaeffer arrived at the scene shortly thereafter.

15. Defendants Higginbothan, Grover, Freiling, Mackey, and Schaeffer (hereinafter collectively referred to as "Defendant officers") were very rude during the aforementioned traffic stop and started yelling profanities at Plaintiff.

16. Plaintiff feared for his own safety and dialed 911 for help, requesting a superior officer come to the scene.

17. The 911 operator told Plaintiff that there was no one above sergeant and refused to send any additional officers to the scene.

18. Plaintiff was issued tickets for careless driving and failing to use a seat belt.

19. Plaintiff was told he was free to leave and started to drive away from the scene.

20. After driving no more than thirty (30) feet, Defendant Grover opened Plaintiff's van door and began yelling for Plaintiff to pull over the van.

21. Defendant Grover began yelling to the other officers, "He ran over my foot, he ran over my foot!"

22. Defendant officers instructed Plaintiff to get out of the van.

23. As Plaintiff exited the van, he was forcefully hit in the back by one of the Defendant officers.

24. Defendant officers, working in concert, handcuffed Plaintiff and dragged him at least ten (10) feet by his handcuffs.

25. Defendant officers, working in concert, began vehemently stomping on Plaintiff while Plaintiff was on the ground.

26. Defendant officers, working in concert, proceeded to arrest Plaintiff without probable cause.

6

27. Defendant officers filed separate false police reports claiming that Plaintiff intentionally dragged Defendant Grover two-hundred fifty-six feet (256) with his lower body underneath the car.

28. At no time did Plaintiff run over Defendant Grover's foot or in any way injure Defendant Grover or any other Defendant Officer. Defendant Officers statements and actions were but a farce in order to deprive Plaintiff of his civil rights and to pretextually justify their beating of Plaintiff.

29. Plaintiff suffered injuries as a result of the police beating.

30. Plaintiff's bail was set at $100,000 for the offense, and he remained incarcerated for nearly twenty-four (24) hours.

31. Plaintiff had a trial for the false allegations which concluded August 1, 2007.

32. Plaintiff was fully exonerated at a bench trial wherein the presiding Judge openly expressed that he believed Plaintiff's arrest was premised upon racial discrimination and that Defendant Officers blatantly lied at trial.

33. Upon information and belief, Plaintiff's arrest and beating was premised upon his race.

### Count I
### Violation of 42 U.S.C. Section 1983
### (Plaintiff Dennis Wiggins v. All Defendants)

34. The foregoing paragraphs are fully incorporated herein as though set forth at length.

35. The actions of all the Defendants, collectively and individually in planning, conducting, and carrying out the assault of Plaintiff Wiggins, and the uncontrolled, unwarranted, and illegal beating deprived said Plaintiff of his constitutional rights as guaranteed by the Fourth

Amendment to the Constitution, Section 8 of the Pennsylvania Constitution and 42 U.S.C. Section 1983, in inter alia, the following manners:

    (a)    in the unlawful stop of the Plaintiff;

    (b)    in the unlawful arrest and detention of Plaintiff;

    (c)    in the unreasonable use of force or use of excessive force in the said beating of the Plaintiff at the hands of the Defendants;

    (d)    in the unlawful assault and / or battery of the Plaintiff at the hands of the Defendants;

    (e)    in the unlawful restraint of the Plaintiff by the Defendants;

    (f)    in the intentional or negligent infliction of emotional distress upon the Plaintiff;

    (g)    in the development, implementation, and carrying out of a policy, practice or procedure designed to allow the use of excessive force, unlawful searches and seizures, physical assaults on innocent citizens, and deprivation of Constitutional rights of citizens;

    (h)    in the failure of the individual Defendants to preclude, prevent, or restrain the other individual Defendants from effecting such deprivation of constitutional rights.

    (i)    in the development, implementation, and the carrying out of a policy which posed a threat to the law abiding citizens of the City of Clementon and those who visit the City of Clementon, by the negligent retention of personnel and the negligent assignment of certain personnel to high risk

units that would result in the likelihood of serious injury to innocent citizens or visitors to the City of Clementon;

(j) in developing, implementing, and carrying out a policy, practice, procedure or custom which made no reasonable efforts to comply with standards for traffic stops and police encounters and the utilization of equipment and training that would have prevented the overreaction by the police to the events of that evening;

(k) in condoning and conducting and failing to restrain an unlawful and unjustified application of force in violation of the Constitutional rights of said Plaintiff;

(l) in developing, implementing, and carrying out a policy, practice, procedure, or custom which amounted to cruel and unusual punishment and a deprivation of life and liberty actionable under 42 U.S.C. Section 1983;

(m) in developing, implementing, and carrying out a policy, practice, procedure, or custom which made no reasonable or proper provision for the application of force for the preservation of personal safety of persons such as Plaintiff Wiggins, when their personal safety was placed in jeopardy by the ultra-hazardous activities carried out by one or more of the Defendants;

(n) in deliberately failing to train, or continue the training of, all the Defendants in the recognition of the proper use of force and proper techniques of conducting a lawful traffic stop;

(o)     in failing to properly train, supervise, monitor, and control the actions of all the Defendants, so that the proper prior policy, practice, procedure, or custom could be accomplished safely and without the use of excessive force or undue risk to persons situated similarly to said Plaintiff in that the Defendants failed to follow training procedures and policy that would have prevented the assault conducted by them on said Plaintiff and others, allowing the Defendants to overreact and injure said Plaintiff;

(p)     in failing to properly develop, implement, and carry out a policy, practice, procedure, or custom conforming to the Constitutional requirements of drivers and passengers in vehicular stops, who should be free from subjection to unlawful searches and seizures, unlawful arrests and from excessive force used upon them by individuals operating under color of law; and

(q)     in failing to oversee, monitor, control, curtail, or restrain the actions of the individual Defendants in carrying out such operations when all of the Defendants knew, or should have known, from prior operations of this kind, and/or from prior acts of misconduct by the individual Defendants, that, if not conducted in compliance with prior training and with the utilization of proper equipment by the individual Defendants, that the likelihood of property damage, physical and psychological injury, and the deprivation of the Constitutional rights of innocent citizens would be substantial.

36. As a direct and proximate result of the aforesaid actions and omissions of all of the Defendants in developing, implementing, and carrying out the aforesaid policy or policies or procedures, the Plaintiff has suffered injuries, losses, and/or damages including, but not limited by specification to, the following:

   a. loss of the use, benefit and enjoyment of life;

   b. physical and mental pain and suffering and anguish, and embarrassment and humiliation;

   c. physical injuries, all causing severe pain; loss of valuable and inalienable rights to be free from unlawful search, free from illegal restraint and loss of freedom of association, as well as personal and familial privacy;

   d. loss of income;

   e. medical expenses;

   f. punitive damages, which are justified factually and legally due to the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants as aforesaid; and

   g. Attorney fees.

WHEREFORE, the Plaintiff, Dennis Wiggins, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

## Count II
## Violations of 42 U.S.C. §§ 1983 and 1986
## Plaintiff Dennis Wiggins v. All Defendants

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Defendants Officers, both in their individual and official capacities, had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiff, but neglected and/or failed to prevent said wrongful and illegal acts when they had the power and statutory obligation to do so.

39. Defendants' neglect, aid and refusal to prevent and/or rectify infringement of the constitutional rights of Plaintiff constitutes a violation of the Civil Rights Act, Section 1986.

40. As a proximate and direct result of the above mentioned acts, Plaintiff has been damaged and has suffered injuries and was forced to endure physical pain, suffering and emotional distress, as well as mental anguish stemming from the deprivation of her rights.

WHEREFORE, the Plaintiff, Dennis Wiggins, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

## Count III
## Violations of 42 U.S.C. §§ 1983 and 1985
## Plaintiff Dennis Wiggins v. All Defendants

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. At all times relevant herein, Defendants did conspire to deprive Plaintiff of his constitutionally and statutorily guaranteed rights pursuant to Constitution to the United States.

43. At all times relevant herein, Defendants further conspired to conceal the deprivations of liberties set forth above.

44. These conspiracies constituted and continue to constitute ongoing violations of 42 U.S.C. Section 1985.

45. As a direct and proximate cause of Defendants' unlawful conspiracy to deprive Plaintiff of his aforesaid rights, Plaintiff has and continues to suffer the damages set forth herein.

WHEREFORE, the Plaintiff, Dennis Wiggins, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

### Count IV
### Malicious Prosecution
### (Plaintiff Dennis Wiggins v. All Defendants)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Defendant Officers instituted a criminal proceeding against Plaintiff.

48. Defendant Officers had no probable cause to initiate said hearing and in fact were fully aware that Plaintiff had committed no criminal activity.

49. Defendant Officers actions were committed with malice against Plaintiff.

50. The criminal proceedings were terminated in favor of Plaintiff at a bench trial concluding August 1, 2007.

WHEREFORE, the Plaintiff, Dennis Wiggins, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally,

molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

## Count V
### False Imprisonment
### (Plaintiff Dennis Wiggins v. All Defendants)

51. The foregoing paragraphs are fully incorporated herein as though set forth at length.

52. Defendant Officers intended and actually confined Plaintiff with probable cause.

53. Plaintiff was conscious of the confinement.

54. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has and continues to suffer the damages set forth herein.

WHEREFORE, the Plaintiff, Dennis Wiggins, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

## Count VI
### Assault and Battery
### (Plaintiff Dennis Wiggins v. All Defendants)

55. The foregoing paragraphs are fully incorporated herein as though set forth at length.

56. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has and continues to suffer the damages set forth herein.

WHEREFORE, the Plaintiff, Dennis Wiggins, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally,

molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

**Count VII**
**Intentional Infliction of Emotional Distress**
**(Plaintiff Dennis Wiggins v. All Defendants)**

57. The foregoing paragraphs are fully incorporated herein as though set forth at length.

58. The aforesaid extreme and outrageous conduct, acts, and/or omissions of the Defendants in the scope of their employment, or acting independently, were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon said Plaintiff and to instill in his mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, or omissions surpass all bounds of decency universally recognized in a civilized society.

59. As a direct and proximate result and consequence of the aforesaid conduct, acts, and/or omissions of the Defendants, which constitute extremely outrageous conduct, said Plaintiff has suffered, is suffering, or will continue to suffer for an indefinite time into the future the following:

(a) emotional and psychological distress and trauma;

(b) mental anguish;

(c) psychic pain and suffering;

(d) severe fright, horror, and grief;

(e) shame, humiliation, and embarrassment;

(f) severe anger, chagrin, disappointment, and worry, and;

(g) justified punitive damages, both factually and legally, because of the

outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants.

WHEREFORE, the Plaintiff, Dennis Wiggins, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

## Count VIII
### Negligent Infliction of Emotional Distress
### (Plaintiff Dennis Wiggins v. All Defendants)

60. The foregoing paragraphs are fully incorporated herein as though set forth at length.

61. The aforesaid negligent conduct, acts, and/or omissions of the Defendants in the scope of their employment, or acting independently, were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon said Plaintiff and to instill in his mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, or omissions surpass all bounds of decency universally recognized in a civilized society.

62. As a direct and proximate result and consequence of the aforesaid conduct, acts, and/or omissions of the Defendants, which constitute extremely outrageous conduct, said Plaintiff has suffered, is suffering, or will continue to suffer for an indefinite time into the future the following:

    (a)    emotional and psychological distress and trauma;

    (b)    mental anguish;

    (c)    psychic pain and suffering;

    (d)    severe fright, horror, and grief;

(e)  shame, humiliation, and embarrassment;

(f)  severe anger, chagrin, disappointment, and worry, and;

(g)  justified punitive damages, both factually and legally, because of the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants.

WHEREFORE, the Plaintiff, Dennis Wiggins, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

### Count IX
### Loss of Consortium
### (Plaintiff Ericka Wiggins v. All Defendants)

63.  The foregoing paragraphs are fully incorporated herein as though set forth at length.

64.  That Plaintiff Dennis Wiggins and Mrs. Wiggins are Husband and Wife and were married at the time and on the date of the incident as herein described.

65.  As a direct and proximate result and consequence of the aforesaid carelessness, negligence and recklessness of the Defendants, Plaintiff Ericka Wiggins, as a result of the aforementioned injuries and damages suffered by her spouse, has also suffered the following damages and injuries:

(a)  Plaintiff Ericka Wiggins has been deprived of the consortium, companionship and services of the Plaintiff Dennis Wiggins as a spouse; and

(b)  Plaintiff Ericka Wiggins has been deprived of the use, benefit and enjoyment of life.

WHEREFORE, Plaintiff Ericka Wiggins respectfully requests Your Honorable Court to enter Judgment in her favor and against all of the named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

                    Respectfully submitted,

                    **KARPF, KARPF & VIRANT**

                    _____

                    Ari R. Karpf, Esquire
                    3070 Bristol Pike
                    Building 2, Suite 231
                    Bensalem, PA 19020

Dated: October 19, 2007          (215) 639-0801